JUAN MELÉNDEZ ROSADO, ETC., Plaintiff and Appellee, *v.*
BANCO CRÉDITO Y AHORRO PONCEÑO, Defendant and
Appellant.

No. R-69-309.     Decided October 13, 1970.

*Miranda Cárdenas & Gallardo, Pedro E. Purcell Ruiz,* and *Blas
R. Ferrauioli* for appellant. *Hugo Rubén Félix* for appellee.

PER CURIAM: Plaintiff had a checking account in the de-
fendant-appellant bank herein. Plaintiff is or was employed at
the time of the events with the firm Dun & Bradstreet Inter-
national Collection Division, a firm which renders services of
credit information.

On February 16, 1968, plaintiff deposited the sum of
$2,699.34 in his checking account with appellant. Said deposit
was mislaid in the bank and the same was not credited to
plaintiff's account. As a result thereof the bank returned "for
lack of funds" eight checks which plaintiff had drawn after
he made the aforementioned deposit. This caused plaintiff un-
avoidable and understandable mental or moral sufferings. One
of the said incidents which were caused by the negligence of
the bank was that a collector went to an establishment of
Sears Corporation where plaintiff's wife worked in the audit-
ing department, and there, in a rude manner and within ear-
reach of other people and co-workers of Mrs. Meléndez, he re-
quired the payment of a check "without funds," one of the
checks which were unduly returned by the bank.

The trial court ordered appellant to pay $2,000 to plaintiff for the damages suffered. Appellant assigns the following two errors:

(a) "The court erred in not taking into consideration the lack of efforts on plaintiff's part to diminish the alleged damages."

(b) "The court erred in granting plaintiff the amount of $2,000 in compensation for the damages suffered."

The errors assigned lack merit. As to the first one, from the proper opinion of the trial court it is inferred that it is not correct. Said opinion says in part:

"For the purpose of the evaluation of the damages we have taken into consideration not only the humiliations and problems and mental anguish suffered by plaintiffs, but also the evidence for the mitigation of the same, presented by defendant."

As to the second assignment, in the light of the events, we understand that the appraisal made by the trial judge of the value of the problems and anguish suffered by plaintiff is as correct as any appraisal which could have been reasonably made by another judge in his place. We see no reason to disturb that appraisal. Appellant contends that on one occasion plaintiff refused, after the checks were returned, to give to the bank the names and addresses of the drawees of said checks and he told the bank that the matter was in the hands of his attorney. We admit that plaintiff should have submitted those names to the bank, but that fault committed by plaintiff does not acquit appellant of its undeniable guilt. At the most it could only mitigate it, and as we have seen it was thus considered by the trial judge.

For the foregoing reasons, the judgment rendered in this case on August 28, 1969, by the Superior Court, San Juan Part, will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate herein.